# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DERRICK GRAY | § | |
| | § | |
| v. | § | A-08-CA-688 SS |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Derrick Gray's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed September 15, 2008 (Clerk's Doc. No. 1); Government's Response to Petition for Writ of Habeas Corpus, filed December 5, 2008 (Clerk's Doc. No. 7); and Petitioner's Reply to Response, filed February 17, 2009 (Clerk's Doc. No. 13).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  GENERAL BACKGROUND[1]

**A.    Petitioner Gray's 1994 Arrest and State Imprisonment**

Petitioner Derrick Gray ("Petitioner" or "Gray") was arrested on December 19, 1994, while on mandatory supervision in Dallas County, Texas. Gray was arrested for the state offense of aggravated robbery, and he was incarcerated at the Dallas County Jail. On January 3, 1995, the State of Texas issued a warrant for Gray's arrest for violating the conditions of mandatory supervision and

---

[1]*See* Appendix to Respondent's Response (Clerk's Doc. No. 7).

placed a hold on Gray with the Dallas County Sheriff's Department. On February 7, 1996, Gray transferred from the custody of the Dallas County Sheriff to the Texas Department of Criminal Justice, Institution Division. The State of Texas provided credit against Gray's mandatory supervision violation term for the time he spent in state custody from January 4, 1995, to February 7, 1996. On February 15, 1996, Gray was inadvertently released from state custody without a transfer to federal custody. On April 12, 1996, Gray was taken into custody by federal authorities, thus beginning his federal sentence.

**B.     Petitioner Gray's Federal Sentence and Incarceration**

The circumstances of Gray's arrest on December 19, 1994, also resulted in the federal charges of Robbery, Aiding and Abetting; Use of a Firearm During a Crime of Violence, Aiding and Abetting; and Theft of a Motor Vehicle from a Person Using Force and Violence or Intimidation, Aiding and Abetting. On August 25, 1995, after being found guilty by jury, the Honorable Jerry Buchmeyer sentenced Gray to a 248-month term of imprisonment and a 3-year term of supervised release.[2] As mentioned above, Gray was inadvertently released from state custody on February 15, 1996, and he was not taken back into custody by federal authorities until April 12, 1996. Gray is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas ("FCI-Bastrop"). Gray has received credit against his federal sentence for the time spent in state custody that was not previously credited to his state sentence (i.e., between December 19, 1994, and January 3, 1995).

## II.  ISSUE PRESENTED

In his § 2241 Petition, Gray contends that he is entitled to credit on his federal sentence for

---

[2] The conviction and sentence were affirmed on appeal. *See U.S. v. Gray*, No. 95-10797, 1996 WL 457351 (5th Cir. July 11, 1996).

time spent in state custody prior to the imposition of his federal sentence. Specifically, petitioner argues that he is entitled credit from the time of his arrest on December 19, 1994, to the time of his federal sentencing on August 25, 1995, for a total of 249 days.[3]

## III. ANALYSIS[4]

**A.  Scope of Review**

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the same district where the prisoner is incarcerated. *Id*.

**B.  Is Gray entitled to additional credit against his federal sentence?**

Respondent puts forth two arguments as to why Gray is not entitled to any additional credit against his federal sentence. First, Respondent argues that Gray cannot carry his burden to show that federal officials had primary jurisdiction over him prior to April 1996 such that he should be entitled to credit against his federal sentence for time served in state custody.[5] Second, Respondent argues

---

[3]Because the Bureau of Prisons has given him credit against his federal sentence for the time spent in state custody from December 19, 1994, to January 3, 1995, Gray is actually seeking an additional 233 days of credit against his federal sentence.

[4]Respondent does not contest jurisdiction, venue, or that Petitioner has exhausted his administrative remedies.

[5]As Gray points out in his reply, this position is somewhat inconsistent with the fact that the BOP has already credited a portion of this time against his federal sentence. Respondent concludes its first argument by stating, "Thus, Petitioner is not entitled to a credit against his Federal sentence for time served in State custody between December 19, 1994 and August 25, 1995." But the BOP

3

that 18 U.S.C. § 3585 prohibits reducing a federal sentence where the time served has been credited for another sentence, which is precisely what happened in this case.

The Court will address this last argument first, as it is determinative of the issue raised in Gray's petition. In its response, Respondent argues that the relief sought by Gray is prohibited by law in that 18 U.S.C. § 3585 prohibits reducing a federal sentence where the time served has been credited for another sentence. *See* 18 U.S.C. § 3585(b). The Court agrees. Because Gray received credit on his state sentence for the time served in the custody of Dallas County authorities from January 4, 1995, until his transfer to the Texas Department of Criminal Justice on February 7, 1996,[6] he cannot obtain credit on his federal sentence for the same period. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time.").

As for the period of time that was not credited to his state sentence—December 19, 1994, to January 3, 1995—Gray has already received credit on his federal sentence for this time. *See* Defendant's Exhibit 1, Declaration of Forest B. Kelly, at ¶ 16. Thus, Gray's petition should be denied because the BOP has provided Gray with all the credit toward his federal sentence he is due.

---

has given him credit against his federal sentence for the time served between December 19, 1994, and January 3, 1995. If Gray was not entitled to credit on this basis for any of the time spent in state custody between December 19, 1994, and August 25, 1995, as Respondent concludes, why did the BOP credit the 16 days from December 19, 1994, to January 3, 1995, that were not credited against his state sentence?

[6]*See* Attachment 7 to Response (Clerk's Doc. No. 7), at Gray 0049 (stating that Gray was "returned to custody [of the TDCJ] in violation of mandatory supervision 2-7-96, with credit allowed from 1-4-95 only, from Dallas county").

## IV.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Derrick Gray's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk is directed to mail a copy of the instant recommendation to all parties by certified mail, return receipt requested.

SIGNED this 3rd day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE